Filed 7/24/26  P. v. Montoya CA5

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F090692 |
| Plaintiff and Respondent, | (Super. Ct. No. F24905874) |
| v. | |
| ANGEL AMADO MONTOYA, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Gabriel L. Brickey, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, David A. Lowe and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Snauffer, J. and DeSantos, J.

# I. INTRODUCTION

Defendant Angel Amado Montoya (defendant) pled no contest to carrying a loaded, unregistered firearm in a public place and was placed on probation with various conditions, including that he submit his electronic devices to search and seizure. Defendant did not object.

On appeal, defendant contends that the electronic devices search condition is unreasonable and unconstitutionally overbroad. The People contend defendant's as-applied challenges are forfeited for failing to object below and that the probation condition is not unconstitutional on its face. We agree with the People and affirm the judgment.

# II. PROCEDURAL SUMMARY

On August 12, 2025, the Fresno County District Attorney filed an information charging defendant with carrying a loaded firearm in public (Pen. Code, § 25850, subd. (a)),[1] alleging that the firearm was not registered to him (§ 25850, subd. (c)(6)).

On October 10, 2025, defendant entered a plea of no contest to the charge and admitted the enhancement in exchange for a reduction of the charge to a misdemeanor (§ 17, subd. (b)) after successful completion of one year of probation. The trial court suspended imposition of judgment and placed defendant on two years of formal probation and ordered defendant to serve 41 days in jail. The court imposed several conditions of probation, including that defendant "[s]ubmit person and property to search and seizure including electronic devices." (Italics omitted.) Defendant did not object to any of the conditions.

On November 7, 2025, defendant filed a timely notice of appeal.[2]

---

[1]    Hereinafter, all undesignated statutory references are to the Penal Code.

[2]    The notice of appeal indicated that the appeal was based on the trial court's denial of a motion to suppress under section 1538.5. However, on February 13, 2026, we granted defendant's application to construe the notice of appeal as also challenging "the

2.

### III.    FACTUAL SUMMARY[3]

Clovis Police Department officers observed defendant and another individual smoking marijuana on a park bench.  It was just before 11:00 p.m. and the park was closed.  The officers approached the individuals; the second individual informed officers that he had a pellet gun and consented to a search.

Meanwhile, defendant appeared nervous, refused to consent to a search and refused to sit on the bench when ordered to do so.  Because of defendant's demeanor, officers detained him in handcuffs.  Defendant became "tense" and disclosed he had a firearm in his waistband.  An officer removed the firearm from defendant's waistband, which was a "[s]ilver revolver with a wooden hand grip."  The firearm contained four live bullets and one spent casing in the cylinder.  The firearm was not registered to defendant and had been flagged as stolen from Arizona.  Defendant claimed he found the firearm "near a tree" in the park that night.  A cell phone was also located on defendant.

### IV.    DISCUSSION

Defendant claims that his electronic devices search condition is unreasonable under *Lent*[4] and unconstitutionally overbroad.  Defendant first contends the condition bears no nexus[5] to the offense since his charged offense did not involve electronic

---

sentence or other matters occurring after the plea that do not affect the validity of the plea."

[3]    Facts are summarized from the preliminary hearing.

[4]    *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*), superseded on another ground as stated in *People v. Moran* (2016) 1 Cal.5th 398, 403, footnote 6.

[5]    Contrary to defendant's assertion, neither *In re Ricardo P.* (2019) 7 Cal.5th 1113 nor *People v. Bryant* (2021) 11 Cal.5th 976 created a nexus requirement between the probation condition and the defendant's underlying offense or prior offenses.  *Ricardo P.* expressly rejected the defendant's argument for a nexus requirement under *Lent*'s third prong, stating that the conditions did not need to be so " 'strictly tied to the offender's precise crime' " as long as they are " 'reasonably directed at curbing [the defendant's ] future criminality.' "  (*Ricardo P.*, at p. 1122.)  Instead, both cases explained the third prong under *Lent* "contemplates a degree of proportionality between the burden imposed

3.

devices and the trial court made no findings that there was a connection between electronic devices and defendant's offense or rehabilitative needs. Second, he contends the condition is facially overbroad under the state and federal constitution. Defendant also contends his claims are not forfeited because they present a pure question of law. We conclude defendant's challenges do not present a pure question of law and are forfeited for failure to object; nor does defendant demonstrate the probation condition is unconstitutional on its face.

### A. Applicable Law and Standard of Review

In granting probation, trial courts have broad discretion to impose reasonable conditions to foster rehabilitation and to protect public safety pursuant to section 1203.1. (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120–1121.) "[A] condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality." (*Lent*, *supra*, 15 Cal.3d at p. 486; *People v. Welch* (1993) 5 Cal.4th 228, 233–234 (*Welch*).) Our Supreme Court adopted the following three-part reasonableness test in *Lent*: "A condition of probation will not be held invalid unless it '(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality.' " (*Lent*, at p. 486.)

We generally review challenges to the reasonableness of probation conditions for abuse of discretion. (*People v. Moran*, *supra*, 1 Cal.5th at p. 403; *People v. Carbajal*, *supra*, 10 Cal.4th at p. 1121.) A trial court abuses its discretion when its determination is arbitrary or capricious or " ' " 'exceeds the bounds of reason, all of the circumstances being considered.' " ' " (*Carbajal*, at p. 1121; *Welch*, *supra*, 5 Cal.4th at p. 233.)

---

by a probation condition and the legitimate interests served by the condition." (*Ricardo P.* at p. 1122 ; *Bryant*, at p. 984 [same].)

4.

"A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*).)  We review constitutional challenges to a probation condition as unconstitutionally vague or overbroad, de novo.  (*People v. Rhinehart* (2018) 20 Cal.App.5th 1123, 1126–1127; *People v. Appleton* (2016) 245 Cal.App.4th 717, 723.)

### B.    Analysis

#### 1.    Forfeiture

Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling in the trial court has forfeited his or her right to raise the claim on appeal.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 880–881.)  " '[T]he forfeiture rule ensures that the opposing party is given an opportunity to address the objection, and it prevents a party from engaging in gamesmanship by choosing not to object, awaiting  the outcome, and then claiming error.' " (*People v. French* (2008) 43 Cal.4th 36, 46.)  Appellate courts are "not best suited to determining how such an outcome might affect the defendant's suitability for probation.  Traditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." (*Welch*, *supra*, 5 Cal.4th at p. 236.)

The forfeiture rule applies differently depending on the type of challenge to a probation condition, with the purpose of encouraging parties to bring errors to the attention of the trial court so they may be immediately corrected.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 881.)  *Sheena K.* held that forfeiture is appropriate for claims challenging probation conditions as unreasonable because "the trial court is in a considerably better position than the [appellate court] to review and modify a sentence option or probation condition that is premised upon the facts and circumstances of the individual case." (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.)  On the other hand, it held that a claim that presents a pure facial challenge, one which challenges the "phrasing or language of a

probation condition [as] unconstitutionally vague and overbroad" and "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts," is well suited for review in the appellate court and not forfeited.  (*Ibid.*)

In *Sheena K.*, the defendant challenged the probation condition that she " 'not associate with anyone disapproved of by probation[,]' " as vague and overbroad in violation of her First and Fifth Amendments.  (*Sheena K.*, *supra*, 40 Cal.4th at p. 878.)  Her specific concern was that the condition was too vague and should require her "knowledge" of the person disapproved of by probation.  (*Id.* at p. 885.)  Although the defendant had not raised this challenge at the trial court, the appellate court modified the language in the probation condition, adding a requirement that the defendant have "knowledge" that probation disapproved of a particular associate.  (*Id.* at p. 878.)  On review, *Sheena K.* concluded the defendant's vagueness challenge was not forfeited because it asserted an error presenting a pure facial challenge, easily remediable on appeal.  (*Id.* at pp. 879, 888–889.)  It held that "[a]n obvious legal error at sentencing that is 'correctable without referring to factual findings in the record or remanding for further findings' is not subject to forfeiture" because it presents a pure question of law.  (*Id.* at p. 887.)

Relevant here, *Sheena K.* cautioned that not every vague or overbreadth challenge will fit within this exception " 'since there may be circumstances that do not present "pure questions of law that can be resolved without reference to the particular sentencing record developed in the trial court." ' "  (*Sheena K.*, *supra*, 40 Cal.4th at p. 889.)  It recognized that "in some instances, a constitutional defect may be correctable only by examining factual findings in the record or remanding to the trial court for further findings."  (*Id.* at p. 887.)  In such circumstances, forfeiture is appropriate because the defendant "should object to a perceived facial constitutional flaw at the time a probation condition initially is imposed in order to permit the trial court to consider, and if

appropriate in the exercise of its informed judgment, to effect a correction." (*Id*. at p. 889.)

## 2.    Defendant's Reasonableness Challenge Under *Lent* is Forfeited

It is established that the failure to object to a probation condition as unreasonable under *Lent* in the trial court waives the claim on appeal. (*Welch*, *supra*, 5 Cal.4th at p. 237 [failure to object to a probation condition on *Lent* grounds waives the claim on appeal]; *Sheena K.*, *supra*, 40 Cal.4th at p. 885 [forfeiture applies to appellate claims involving unreasonable probation conditions].) In the present case, defendant's first challenge is that the condition is unreasonable under *Lent* and is, therefore, subject to forfeiture.

Moreover, forfeiture is appropriate because defendant's arguments that the electronic devices search condition is invalid under *Lent* relies on the facts and circumstances of the case. (See *Sheena K.*, at p. 885 [forfeiture "appropriate" for claims involving unreasonable probation conditions premised upon the facts and circumstances of the individual case].) Defendant argues the condition lacks a relationship to the offense (carrying a loaded firearm in public did not involve any electronic devices), possessing electronic devices is not in itself criminal conduct, and there is nothing in the record demonstrating that access to electronic devices was relevant to preventing future criminality. (See *Lent*, *supra*, 15 Cal.3d at p. 486.) He relies on the record to argue the facts of the underlying case: that he was seated in a closed park, that he was in possession of a firearm which was located in his waistband, and that he happened to have a cell phone on his possession. Defendant further shows his claim relies on the record by statements such as "this record contains no connection," "*Ricardo P.* requires a record-based connection," "[t]his record lacks [a nexus]," "no record fact satisfying" that the condition is proportional, and that the test is "whether the condition is appropriate in this case." Accordingly, since defendant failed to object to the probation condition as

unreasonable at sentencing, forfeiture is appropriate. (See *Sheena K.*, *supra*, 40 Cal.4th at p. 885.)

We reject defendant's claim that his reasonableness challenge is not forfeited because it "does not depend on disputed testimony, on findings the trial court failed to make, or on evidence that was not presented below." The test is not whether the facts are disputed or whether "[n]o further factual development is required" as defendant suggests. It is whether the challenge requires "scrutiny of individual facts and circumstances" of the case and whether the issue can be resolved " ' " 'without reference to the particular sentencing record developed in the trial court.' " ' " (*Sheena K.*, *supra*, 40 Cal.4th at pp. 885, 889.) Reasonableness challenges under *Lent* are "premised upon the facts and circumstances of the individual case" and cannot be resolved without a reference to the record. (See *Sheena K.*, at p. 885.)

We are not persuaded by defendant's assertions that his unreasonableness claim under *Lent* presents a pure question of law and is not dependent on the facts of the case. Appellate courts are able to recognize attempts to "mischaracterize a claim in order to evade the rule of forfeiture." (See *Sheena K.*, *supra*, 40 Cal.4th at p. 886.) Defendant's reasonableness challenge under *Lent* "is premised upon the facts and circumstances of the individual case" and has been determined to be subject to forfeiture by our Supreme Court. (See *Sheena K.*, at p. 887.)

Defendant's reliance on *Ricardo P.* and *Bryant* only further demonstrates that his unreasonableness claim under *Lent* is forfeited. The defendants in both cases objected to the challenged probation condition at the trial court level. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1117; *Bryant*, *supra*, 11 Cal.5th at p. 981.) Defendant argues that these cases "establish the substantive standard governing electronic-search conditions," and not forfeiture. However, defendant fails to recognize that courts do not reach the substantive issue on a claim that is forfeited.

Defendant's argument that his claim should not be forfeited because the trial court had no opportunity to address whether the probation condition is reasonable, like the court did in *Ricardo P.*, aptly demonstrates the purpose behind the waiver doctrine. The trial court in *Ricardo P.* had the opportunity to address the challenge and make a record because the defendant objected to the probation condition at sentencing. (*Ricardo P.*, *supra*, 7 Cal.5th at p. 1117.) "Traditional objection and waiver principles encourage development of the record and a proper exercise of discretion in the trial court." (*Welch*, *supra*, 5 Cal.4th at p. 236.) Defendant's complaint that the trial court had no opportunity to correct a nexus deficiency that was never identified or explain "why an electronic device search condition was appropriate for this defendant" could have been addressed if defense counsel had objected. (See *id*. at p. 235 ["A timely objection allows the court to modify or delete an unreasonable condition or explain why it is necessary."].)

### 3. Defendant's Unconstitutionally Overbroad Challenge is an As-Applied Challenge and Forfeited

Defendant also argues that the electronic devices search condition is facially overbroad. " ' "The essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights—bearing in mind, of course, that perfection in such matters is impossible, and that practical necessity will justify some infringement." ' " (*People v. Guzman* (2018) 23 Cal.App.5th 53, 64 (*Guzman*); *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1346.)

A constitutional challenge to a probation condition that presents a pure question of law and can be resolved " ' " 'without reference to the particular sentencing record developed in the trial court' " ' " is not subject to forfeiture. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 886–889; *Guzman*, *supra*, 23 Cal.App.5th at p. 63.) However, an overbreadth challenge that depends on the factual circumstances and cannot be resolved without reference to the sentencing record is subject to forfeiture. (*Sheena K.*, at p. 889;

9.

*Guzman*, at pp. 63, fn. 3, 65, fn. 4 [the defendant's claim that his probation condition was overbroad as applied to him did not present a pure question of law and was forfeited].)

In *Sheena K.*, the defendant's claim that the probation condition was vague because it did not require that she have "knowledge" of who probation did not want her associating with was not forfeited because it was a facial challenge, one addressing the "phrasing or language" of the condition, that was "correctable without referring to factual findings in the record or remanding for further findings." (*Sheena K.*, at pp. 885–887, 890–892.) Although defendant frames his overbreadth challenge as a facial challenge presenting a pure question of law, his arguments indicate otherwise. Defendant argues the condition should be more narrowly tailored to specify which devices may be searched, which categories of information may be examined, what the officer may be allowed to look for, or what purpose a search must serve and should have been tailored to a "legitimate supervision interest." To support his complaint, defendant raises case-specific arguments: "[t]he court made no findings on the record explaining why an electronic device search condition was appropriate for this defendant in connection with this offense. Counsel offered no argument supporting the condition, and the trial court imposed it without any case-specific consideration" and "the record contains no basis for any electronic search condition."

Additionally, defendant conflates his "facially overbroad" challenge with his reasonableness challenge, applying the fact-based "proportionality" analysis under *Lent* and nexus arguments. For example, he argues that the overbreadth challenge "cannot survive the nexus and proportionality analysis required by *Ricardo P.*" because "this record contains no connection" between the condition and the offense. Defendant argues that the condition "requires a record-based connection between the search authority imposed and the state's legitimate interest in supervising the probationer. (See *Ricardo P.*, *supra*, 7 Cal.5th at pp. 1122–1123.)" Accordingly, defendant's overbreadth

challenge is one that requires an examination of the record and particular factual findings and circumstances of the case, and does not present a pure question of law.  (See *Sheena K.*, *supra*, 40 Cal.4th at pp. 887–889; *Guzman*, *supra*, 23 Cal.App.5th at p. 63, fn. 3.)  As such, defendant's claim that his electronic devices search condition is overbroad is forfeited for failing to object.  (See *Sheena K.*, *supra*, 40 Cal.4th at p. 889.)

### 4.    Defendant Does Not Raise a Pure Facial Challenge

Although defendant's as-applied challenges are forfeited for failing to object, a constitutional challenge that raises a pure question of law is not subject to forfeiture. (*Sheena K.*, *supra*, 40 Cal.4th at p. 885.)  A pure facial challenge is one which challenges the "phrasing or language of a probation condition [as] unconstitutionally vague and overbroad" and "does not require scrutiny of individual facts and circumstances but instead requires the review of abstract and generalized legal concepts."  A pure facial challenge is well suited for review in the appellate court and not forfeited.  (*Ibid*.)

In *Guzman*, the defendant did not object to his electronic-device search condition at the trial court, and his as-applied overbreadth challenge was forfeited.  However, he was able to raise a facial overbreadth challenge to the electronic device search condition. (*Guzman*, *supra*, 23 Cal.App.5th at pp. 63–64.)  On appeal, the defendant relied on *Riley v. California* (2014) 573 U.S. 373 to argue the condition had a substantially greater impact on his privacy rights.  (*Guzman*, *supra*, 23 Cal.App.5th at pp. 63–64.)  However, the *Guzman* court noted that *Riley* addressed the warrantless search of a suspect's cell phone which implicated and violated the suspect's Fourth Amendment rights.  (*Riley*, at p. 401.)  *Guzman* emphasized the narrowness of *Riley*'s holding, which was only that cell phone data is subject to Fourth Amendment protection, "not that the information on a cell phone is immune from search."  (*Riley*, at p. 401.)  It found that *Riley* did not support the defendant's facial challenge to his electronic devices search condition.  (*Guzman*, at p. 64.)  When the defendant in *Riley* was searched, he was protected by the presumption

of innocence, but the defendant in *Guzman* pled to a criminal conviction and " 'probationers "do not enjoy 'the absolute liberty to which every citizen is entitled.' " ' " (*Guzman*, at p. 64.) The *Guzman* court held that even though "a search of an electronic device may uncover comparatively more private information than the search of a person, or a personal item like a wallet, [it] does not establish that a warrantless electronic search condition of probation is per se unconstitutional." (*Id*. at p. 65.) As such, the court denied the defendant's facial challenge to the electronic devices condition. (*Id*. at p. 66.)

Similarly here, defendant claims his electronic devices search condition is facially overbroad, relying on *Riley* as well. However, as *Guzman* discussed, *Riley* is readily distinguished since it did not address the constitutionality of an electronic devices search probation condition, but the requirement of a search warrant before searching a cell phone seized incident to arrest. (*Riley v. California*, *supra*, 573 U.S. at pp. 386, 401.) Unlike the defendant in *Riley* who had not been convicted of any crime and was still protected by the presumption of innocence, defendant has been convicted and probationers do not enjoy the same liberties to which every citizen is entitled. (See *Guzman*, *supra*, 23 Cal.App.4th at p. 64.) "[T]he fact that a search of an electronic device may uncover comparatively more private information than the search of a person, … does not establish that a warrantless electronic search condition of probation is per se unconstitutional." (*Id*. at p. 65.) Consequently, we cannot conclude defendant has demonstrated that his electronic devices search condition is per se unconstitutional on its face.

Moreover, defendant in his reply brief, admits that he "does not argue that all electronic-search conditions are unconstitutional," and "does not dispute that such conditions may be valid in some cases." By admitting that the electronic devices search condition is valid in some cases, defendant impliedly concedes it is not per se unconstitutional on its face. Defendant makes it clear he is claiming the probation

condition is invalid as it applies to him, which is not a facial challenge.  As discussed, as-applied constitutional challenges are forfeited.

## DISPOSITION

The judgment is affirmed.